# Exhibit "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

MAY 2021

E-Filing Number: 2105053243

002701

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| GRETA ROUBERT | AMAZON |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1314 EAST GORE STREET, APT. A<br>ORLANDO FL 32806 | 410 TERRY AVE NORTH<br>SEATTLE WA 98108 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | GILBAINE BUILDING COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 7 JACKSON WALKWAY<br>PROVIDENCE RI 02903 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | EQUITY INDUSTRIAL PARTNERS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 20 PICKERING STREET, STE. 200<br>NEEDHAM MA 02492 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration  [ ] Mass Tort  [ ] Commerce  [ ] Settlement<br>[X] Jury  [ ] Savings Action  [ ] Minor Court Appeal  [ ] Minors<br>[ ] Non-Jury  [ ] Petition  [ ] Statutory Appeals  [ ] W/D/Survival<br>[ ] Other: |

CASE TYPE AND CODE

2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY

JUN 01 2021

S. RICE

IS CASE SUBJECT TO COORDINATION ORDER?
YES    NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: GRETA ROUBERT

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| DAVID B. RODDEN | RODDEN & RODDEN<br>125 NORTH 20TH STREET<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER: (215)940-2155 | FAX NUMBER: (215)940-2154 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 58744 | dbresq@gmail.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| DAVID RODDEN | Tuesday, June 01, 2021, 11:24 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**
1. AMAZON
     410 TERRY AVE NORTH
     SEATTLE WA 98108
2. GILBAINE BUILDING COMPANY
     7 JACKSON WALKWAY
     PROVIDENCE RI 02903
3. EQUITY INDUSTRIAL PARTNERS
     20 PICKERING STREET, STE. 200
     NEEDHAM MA 02492
4. KELLERMEYERS BERGENSON SERVICES, LLC
     3605 OCEAN RANCH BLVD., STE, 200
     OCEANSIDE CA 92056

| | |
|---|---|
| RODDEN & RODDEN<br>BY:   DAVID BRIAN RODDEN, ESQUIRE<br>I.D. #:  58744<br>125 NORTH 20TH STREET<br>PHILADELPHIA, PA 19103<br>TELEPHONE: 215-940-2155 | MAJOR/JURY  *Filed and Attested by the Office of Judicial Records 01 JUN 2021 11:24 am S. RICE*<br><br>**ATTORNEYS FOR PLAINTIFF** |
| **GRETA ROUBERT**<br>1314 East Gore Street, Apt. A<br>Orlando, FL 32806<br>               -vs.-<br><br>**AMAZON**<br>410 Terry Ave North<br>Seattle, WA 98108-122<br>               -and-<br>**GILBANE BUILDING COMPANY**<br>7 Jackson Walkway<br>Providence, RI 02903<br>               -and-<br>**Equity Industrial Partners**<br>20 Pickering Street, Ste. 200<br>Needham, MA 02492<br>               -and-<br>**KELLERMEYERS BERGENSON SERVICES, LLC**<br>3605 Ocean Ranch Blvd., Ste, 200<br>Oceanside, CA 92056 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |

## CIVIL ACTION COMPLAINT
## NEGLIGENCE - PREMISES LIABILITY

| **NOTICE TO DEFEND** | **AVISO** |
|---|---|
| **You have been sued in court.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GEL LEGAL HELP.<br><br>Delaware County Bar Association<br>335 West Front Street<br>Media, PA 19063<br>(610) 566-6627 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en la paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y las notificacion. Hace falta asentar una comparesencia escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea continuar la demanda en contra suya sin previo aviso o notificacion. Ademas la corte puede decidir a favor del demandante y requiere que usted cumpla contodas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.<br><br>LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUMENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>Delaware County Bar Association<br>335 West Front Street<br>Media, PA 19063<br>(610) 566-6627 |

Case ID: 210502701

1. Plaintiff, Great Roubert, is an adult individual and at all times material hereto resided at the above captioned address.

2. Defendant Amazon is a business for profit and incorporated at the captioned address and at all times material hereto did own, maintain, control, lease, operate and/or was contractually obligated to clean, repair and/or make safe the property located at 1 Geoffrey Drive, Fairless Hills, PA 19030.

3. Defendant Gilbane Building Company is a business for profit and incorporated at the captioned address and at all times material hereto did own, maintain, control, lease, operate and/or was contractually obligated to clean, repair and/or make safe the property located at 1 Geoffrey Drive, Fairless Hills, PA 19030.

4. Defendant Equity Industrial Partners is a business for profit and incorporated at the captioned address and at all times material hereto did own, maintain, control, lease, operate and/or was contractually obligated to clean, repair and/or make safe the property located at 1 Geoffrey Drive, Fairless Hills, PA 19030.

5. Defendant Kellermeyers Bergenson Services, LLC is a business for profit and incorporated at the captioned address and at all times material hereto did own, maintain, control, lease, operate and/or was contractually obligated to clean, repair and/or make safe the property located at 1 Geoffrey Drive, Fairless Hills, PA 19030.

6. On October 2, 2020, Plaintiff Greta Roubert was an employee of an independent contractor invited upon the premises of the Defendants when she slipped, tripped, stumbled and fell as a result of a defective and dangerous condition on the property in the form of a cut-off lag bolt left haphazardly and inconspicuously on Defendants' walking surface which caused Plaintiff to suffer serious and permanent injuries the extent of which will be described more filly hereinafter.

7. Defendants knew and/or should have known of this dangerous and defective condition in light of its location and legal duty owed to Plaintiff.

8. As a result of the fall, Plaintiff sustained traumatic injuries to her shoulder, knee and back which have resulted in surgery to the shoulder and likely has permanently disabled Plaintiff.

## COUNT I –
## PLAINTIFF, GRETA ROUBERT v. DEFENDANT AMAZON
## NEGLIGENCE

9. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as thought the same were fully set forth at length herein.

10. The aforesaid incident was solely and proximately caused by the Defendant, Amazon, their agents, servants, workmen, representatives and/or employees, which negligence consisted of, but was not necessarily limited to the following;

 (a) Failing to maintain said property in a safe condition;

 (b) Failing to properly inspect and remedy the unsafe condition upon the property with notice, actual or constructive, of its dangerous condition;

 (c) Failing to give proper and adequate notice of the defective and dangerous condition of said property;

 (d) Failing to erect and maintain appropriate barriers or safeguards around the defective and dangerous portion of the said property;

 (e) Disregarding the rights and safety of those persons lawfully on their premises;

 (f) Permitting said property to remain in a dangerous state of disrepair and neglect to the prejudice of plaintiff, including but not limited to failing to properly maintain the floors of the premises;

 (g) Failing to properly train employees to recognize dangerous and defective conditions about the mall and to protect business patrons;

 (h) Negligently selecting its employees, workmen and/or supervisors;

 (i) Hiring and employing negligent and incompetent agents, servants, workmen, employees and/or sub-contractors that Defendants knew or should have known were not competent and who could not properly perform their job duties;

 (j) Permitting and allowing, by and through its agents, servants, workmen, employees and/or supervisors, dangerous and hazardous conditions, to wit, a wet floor surface, to exist when Defendant knew or should have known that such negligence and carelessness of its workmen, employees and/or supervisors would create a severe risk of physical harm to those persons walking thereon;

 (k) Failing to set forth adequate, proper and reasonable safety standards;

(l) Failing to properly supervise its employees' actions, physical conduct and job performance;

(m) Failing to properly supervise and inspect the area at all times to ensure safety to all persons therein;

(n) Failing to properly supervise and inspect the area at all times in an effort to remove and clean up hazards which may present a dangerous condition to exist thereby causing unnecessary accidents to those persons thereon;

(o) Failing to conduct usual, regular and normal inspections of said premises to assure that said premises was kept in a safe and hazard-free condition for those lawfully thereon;

(p) Failing to warn all persons lawfully within said facility, one of whom was Plaintiff herein, of the dangerous and hazardous conditions which there and then existed at the time and place of the accident herein;

(q) Entrusting the premises to persons and/or corporations and/or other entities or associations which Defendants knew or should have known would act in a negligent and careless manner as previously described in this Complaint;

(r) Allowing persons, corporations, associations and/or other entities to act in a negligent and careless manner on the premises as previously described;

(s) Failing to properly supervise, control or otherwise prevent persons, corporations, associations and/or other entities from conducting themselves in a negligent and careless manner on said premises as previously described;

(t) Failing to properly investigate the qualifications of persons, corporations, associations and/or other entities that were allowed to work and/or be on said premises and to properly prevent said persons, corporations, associations and/or other entities from acting in the negligent and careless manner as previously described;

(u) Being otherwise negligent and careless.

11. Solely as a result of the aforesaid occurrence, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained multiple injuries to the back, neck, legs, knees, limbs, feet and hands resulting in a possible injury to the muscles, nerves, disks, bones and ligaments connected thereto; and a shock to the nerves and nervous system. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions.

Case ID: 210502701

12. As a further result of this accident, plaintiff has been or will be obliged to receive and undergo medical attention and care, and to expend various sums of money and/or incur expenses for the injuries she has suffered; and she may be obliged to continue to expend such sums for an indefinite period of time in the future, perhaps permanently.

13. As an additional result of the accident aforesaid, plaintiff has suffered injuries which are or may be permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of her industry, and has suffered a loss, diminution and depreciation of her earnings and future earning capacity, and which will continue for an indefinite time in the future, all to her great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Greta Roubert, hereby respectfully requests this Honorable Court to enter judgment against Defendant, Amazon, individually, jointly and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with costs, attorney fees and such other relief as this Honorable Court may deem just and appropriate.

## COUNT II – 
## PLAINTIFF, GRETA ROUBERT v. DEFENDANT GILBAINE BUILDING COMPANY
## NEGLIGENCE

13. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as thought the same were fully set forth at length herein.

14. The aforesaid incident was solely and proximately caused by the Defendant, Amazon, their agents, servants, workmen, representatives and/or employees, which negligence consisted of, but was not necessarily limited to the following;

a) Failing to maintain said property in a safe condition;

b) Failing to properly inspect and remedy the unsafe condition upon the property with notice, actual or constructive, of its dangerous condition;

c) Failing to give proper and adequate notice of the defective and dangerous condition of said property;

d) Failing to erect and maintain appropriate barriers or safeguards around the defective and dangerous portion of the said property;

e) Disregarding the rights and safety of those persons lawfully on their premises;

f) Permitting said property to remain in a dangerous state of disrepair and neglect to the prejudice of plaintiff, including but not limited to failing to properly maintain the floors of the premises;

g) Failing to properly train employees to recognize dangerous and defective conditions about the mall and to protect business patrons;

h) Negligently selecting its employees, workmen and/or supervisors;

i) Hiring and employing negligent and incompetent agents, servants, workmen, employees and/or sub-contractors that Defendants knew or should have known were not competent and who could not properly perform their job duties;

j) Permitting and allowing, by and through its agents, servants, workmen, employees and/or supervisors, dangerous and hazardous conditions, to wit, a wet floor surface, to exist when Defendant knew or should have known that such negligence and carelessness of its workmen, employees and/or supervisors would create a severe risk of physical harm to those persons walking thereon;

k) Failing to set forth adequate, proper and reasonable safety standards;

l) Failing to properly supervise its employees' actions, physical conduct and job performance;

m) Failing to properly supervise and inspect the area at all times to ensure safety to all persons therein;

n) Failing to properly supervise and inspect the area at all times in an effort to remove and clean up hazards which may present a dangerous condition to exist thereby causing unnecessary accidents to those persons thereon;

o) Failing to conduct usual, regular and normal inspections of said premises to assure that said premises was kept in a safe and hazard-free condition for those lawfully thereon;

p) Failing to warn all persons lawfully within said facility, one of whom was Plaintiff herein, of the dangerous and hazardous conditions which there and then existed at the time and place of the accident herein;

q) Entrusting the premises to persons and/or corporations and/or other entities or associations which Defendants knew or should have known would act in a negligent and careless manner as previously described in this Complaint;

r) Allowing persons, corporations, associations and/or other entities to act in a negligent and careless manner on the premises as previously described;

s) Failing to properly supervise, control or otherwise prevent persons, corporations, associations and/or other entities from conducting themselves in a negligent and careless manner on said premises as previously described;

t) Failing to properly investigate the qualifications of persons, corporations, associations and/or other entities that were allowed to work and/or be on said premises and to properly prevent said persons, corporations, associations and/or other entities from acting in the negligent and careless manner as previously described;

u) Being otherwise negligent and careless.

15. Solely as a result of the aforesaid occurrence, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained multiple injuries to the back, neck, legs, knees, limbs, feet and hands resulting in a possible injury to the muscles, nerves, disks, bones and ligaments connected thereto; and a shock to the nerves and nervous system. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions.

16. As a further result of this accident, plaintiff has been or will be obliged to receive and undergo medical attention and care, and to expend various sums of money and/or incur expenses for the injuries she has suffered; and she may be obliged to continue to expend such sums for an indefinite period of time in the future, perhaps permanently.

17. As an additional result of the accident aforesaid, plaintiff has suffered injuries which are or may be permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of her industry, and has suffered a loss, diminution and depreciation of her earnings and future earning capacity, and which will continue for an indefinite time in the future, all to her great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Greta Roubert, hereby respectfully requests this Honorable Court to enter judgment against Defendant, Gilbaine Building Company, individually, jointly and/or

Case ID: 210502701

severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with costs, attorney fees and such other relief as this Honorable Court may deem just and appropriate.

## COUNT III–
## PLAINTIFF, GRETA ROUBERT v. DEFENDANT EQUITY INDUSTRIAL PARNTERS
## NEGLIGENCE

18. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as thought the same were fully set forth at length herein.

19. The aforesaid incident was solely and proximately caused by the Defendant, Equity Industrial Partners, their agents, servants, workmen, representatives and/or employees, which negligence consisted of, but was not necessarily limited to the following;

a) Failing to maintain said property in a safe condition;

b) Failing to properly inspect and remedy the unsafe condition upon the property with notice, actual or constructive, of its dangerous condition;

c) Failing to give proper and adequate notice of the defective and dangerous condition of said property;

d) Failing to erect and maintain appropriate barriers or safeguards around the defective and dangerous portion of the said property;

e) Disregarding the rights and safety of those persons lawfully on their premises;

f) Permitting said property to remain in a dangerous state of disrepair and neglect to the prejudice of plaintiff, including but not limited to failing to properly maintain the floors of the premises;

g) Failing to properly train employees to recognize dangerous and defective conditions about the mall and to protect business patrons;

h) Negligently selecting its employees, workmen and/or supervisors;

i) Hiring and employing negligent and incompetent agents, servants, workmen, employees and/or sub-contractors that Defendants knew or should have known were not competent and who could not properly perform their job duties;

Case ID: 210502701

j) Permitting and allowing, by and through its agents, servants, workmen, employees and/or supervisors, dangerous and hazardous conditions, to wit, a wet floor surface, to exist when Defendant knew or should have known that such negligence and carelessness of its workmen, employees and/or supervisors would create a severe risk of physical harm to those persons walking thereon;

k) Failing to set forth adequate, proper and reasonable safety standards;

l) Failing to properly supervise its employees' actions, physical conduct and job performance;

m) Failing to properly supervise and inspect the area at all times to ensure safety to all persons therein;

n) Failing to properly supervise and inspect the area at all times in an effort to remove and clean up hazards which may present a dangerous condition to exist thereby causing unnecessary accidents to those persons thereon;

o) Failing to conduct usual, regular and normal inspections of said premises to assure that said premises was kept in a safe and hazard-free condition for those lawfully thereon;

p) Failing to warn all persons lawfully within said facility, one of whom was Plaintiff herein, of the dangerous and hazardous conditions which there and then existed at the time and place of the accident herein;

q) Entrusting the premises to persons and/or corporations and/or other entities or associations which Defendants knew or should have known would act in a negligent and careless manner as previously described in this Complaint;

r) Allowing persons, corporations, associations and/or other entities to act in a negligent and careless manner on the premises as previously described;

s) Failing to properly supervise, control or otherwise prevent persons, corporations, associations and/or other entities from conducting themselves in a negligent and careless manner on said premises as previously described;

t) Failing to properly investigate the qualifications of persons, corporations, associations and/or other entities that were allowed to work and/or be on said premises and to properly prevent said persons, corporations, associations and/or other entities from acting in the negligent and careless manner as previously described;

u) Being otherwise negligent and careless.

20. Solely as a result of the aforesaid occurrence, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained multiple injuries to the back, neck, legs, knees, limbs, feet and hands resulting in a possible injury to the muscles, nerves, disks, bones and ligaments connected thereto; and a

Case ID: 210502701

shock to the nerves and nervous system. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions.

21. As a further result of this accident, plaintiff has been or will be obliged to receive and undergo medical attention and care, and to expend various sums of money and/or incur expenses for the injuries she has suffered; and she may be obliged to continue to expend such sums for an indefinite period of time in the future, perhaps permanently.

22. As an additional result of the accident aforesaid, plaintiff has suffered injuries which are or may be permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of her industry, and has suffered a loss, diminution and depreciation of her earnings and future earning capacity, and which will continue for an indefinite time in the future, all to her great and continuing detriment and loss.

**WHEREFORE**, Plaintiff, Greta Roubert, hereby respectfully requests this Honorable Court to enter judgment against Defendant, Equity Industrial Partners, individually, jointly and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with costs, attorney fees and such other relief as this Honorable Court may deem just and appropriate.

### COUNT IV–
### PLAINTIFF, GRETA ROUBERT v. DEFENDANT KELLERMEYERS BERGENSONS SERVICES, LLC
### NEGLIGENCE

23. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as thought the same were fully set forth at length herein.

24. The aforesaid incident was solely and proximately caused by the Defendant, Kellermeyers Bergensons Services, LLC, their agents, servants, workmen, representatives and/or employees, which negligence consisted of, but was not necessarily limited to the following;

Case ID: 210502701

a) Failing to maintain said property in a safe condition;

b) Failing to properly inspect and remedy the unsafe condition upon the property with notice, actual or constructive, of its dangerous condition;

c) Failing to give proper and adequate notice of the defective and dangerous condition of said property;

d) Failing to erect and maintain appropriate barriers or safeguards around the defective and dangerous portion of the said property;

e) Disregarding the rights and safety of those persons lawfully on their premises;

f) Permitting said property to remain in a dangerous state of disrepair and neglect to the prejudice of plaintiff, including but not limited to failing to properly maintain the floors of the premises;

g) Failing to properly train employees to recognize dangerous and defective conditions about the mall and to protect business patrons;

h) Negligently selecting its employees, workmen and/or supervisors;

i) Hiring and employing negligent and incompetent agents, servants, workmen, employees and/or sub-contractors that Defendants knew or should have known were not competent and who could not properly perform their job duties;

j) Permitting and allowing, by and through its agents, servants, workmen, employees and/or supervisors, dangerous and hazardous conditions, to wit, a wet floor surface, to exist when Defendant knew or should have known that such negligence and carelessness of its workmen, employees and/or supervisors would create a severe risk of physical harm to those persons walking thereon;

k) Failing to set forth adequate, proper and reasonable safety standards;

l) Failing to properly supervise its employees' actions, physical conduct and job performance;

m) Failing to properly supervise and inspect the area at all times to ensure safety to all persons therein;

n) Failing to properly supervise and inspect the area at all times in an effort to remove and clean up hazards which may present a dangerous condition to exist thereby causing unnecessary accidents to those persons thereon;

o) Failing to conduct usual, regular and normal inspections of said premises to assure that said premises was kept in a safe and hazard-free condition for those lawfully thereon;

p) Failing to warn all persons lawfully within said facility, one of whom was Plaintiff herein, of the dangerous and hazardous conditions which there and then existed at the time and place of the accident herein;

q) Entrusting the premises to persons and/or corporations and/or other entities or associations which Defendants knew or should have known would act in a negligent and careless manner as previously described in this Complaint;

r) Allowing persons, corporations, associations and/or other entities to act in a negligent and careless manner on the premises as previously described;

s) Failing to properly supervise, control or otherwise prevent persons, corporations, associations and/or other entities from conducting themselves in a negligent and careless manner on said premises as previously described;

t) Failing to properly investigate the qualifications of persons, corporations, associations and/or other entities that were allowed to work and/or be on said premises and to properly prevent said persons, corporations, associations and/or other entities from acting in the negligent and careless manner as previously described;

u) Being otherwise negligent and careless.

25. Solely as a result of the aforesaid occurrence, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained multiple injuries to the back, neck, legs, knees, limbs, feet and hands resulting in a possible injury to the muscles, nerves, disks, bones and ligaments connected thereto; and a shock to the nerves and nervous system. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions.

26. As a further result of this accident, plaintiff has been or will be obliged to receive and undergo medical attention and care, and to expend various sums of money and/or incur expenses for the injuries she has suffered; and she may be obliged to continue to expend such sums for an indefinite period of time in the future, perhaps permanently.

27. As an additional result of the accident aforesaid, plaintiff has suffered injuries which are or may be permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, occupations, labors and employment, thereby losing the emoluments of her industry, and has suffered a loss, diminution and depreciation of her earnings and future earning capacity, and which will continue for an indefinite time in the future, all to her great and continuing detriment and loss.

Case ID: 210502701

**WHEREFORE**, Plaintiff, Greta Roubert, hereby respectfully requests this Honorable Court to enter judgment against Defendant, Kellermeyer Bergensons Services, Inc., individually, jointly and/or severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with costs, attorney fees and such other relief as this Honorable Court may deem just and appropriate

RODDEN RODDEN & BRESLIN,

By: _____*David Brian Rodden*_____
DAVID BRIAN RODDEN, ESQ.
Attorney for Plaintiff

Dated: May 28, 2021

Case ID: 210502701

## **VERIFICATION**

David Brian Rodden, Esquire, attorney for Plaintiff in the foregoing matter, hereby verifies that he has been authorized to take this Verification on his client's behalf; is familiar with the facts and circumstances surrounding this matter; and that the facts set forth in the foregoing document are true and correct to the best of his knowledge, information and belief.

Further, he is aware that any false statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification made to authorities.

*David Brian Rodden*
David Brian Rodden, Esquire

Dated:   May 28, 2021



Filed and Attested by the
Office of Judicial Records
01 JUN 2021 11:24 am
S. RICE

## VERIFICATION

The undersigned, subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities, hereby verifies and states that he/she is a Plaintiff herein, and that the facts set forth in the foregoing document are true and correct to the best of his/her knowledge, information and belief. I am further relying upon the investigation of my attorneys and that some of the averments and answers are those of counsel

SIGNED: *[DocuSigned signature]*
616F4FF17909470

Case ID: 210502701

Rodden Rodden & Breslin
125 N. 20th St.
Phila, PA 19103

Gilbane Building Co.
7 Jackson Walkway
Providence, RI 02903

7020 1810 0001 7643 3421

CERTIFIED MAIL



HASLER
FIRST-CLASS MAIL
$008.05º
06/08/2021 ZIP 19103
01301461053

US POSTAGE