IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRETA ROUBERT,                    Plaintiff,              v. AMAZON, *et al.*,                    Defendants. | CIVIL ACTION NO. 21-3091 |

MEMORANDUM OPINION

Rufe, J.                                                                                                          June 29, 2022

Plaintiff Greta Roubert filed suit alleging that she sustained injuries from tripping on a lag bolt[1] embedded in the concrete floor of a warehouse and distribution facility in Falls Township, Pennsylvania.[2] This facility is owned by Defendant AG-EIP 1 Geoffrey Drive, LLC ("AG-EIP") and leased and operated by Defendant Amazon. Due to recent construction work on the facility and the complex contracting and subcontracting practices of AG-EIP and Amazon, as of the date of this Opinion eight parties have been joined as co-Defendants and third-, fourth-, and fifth-party Defendants.

At a telephone scheduling conference held on October 19, 2021, attended by counsel for each of the five parties then in the case,[3] counsel for Amazon indicated that they would likely ask the parties to execute a confidentiality agreement before scheduling a site visit to protect certain proprietary technologies and processes. Since the date of that conference, four additional parties

---

[1] A lag bolt is a specialized fastener used to connect objects bearing significant structural loads.

[2] At this early stage of the litigation, the Court takes the well-pleaded claims asserted in the Amended Complaint as true.

[3] (1) Plaintiff, (2) Defendant Amazon, (3) Defendant AG-EIP, (4) Defendant Gilbane Building Company, and (5) Defendant Kellermeyer Bergenson Services LLC (incorrectly named in the caption as Kellermeyers Bergenson Services LLC).

have been joined as third-party,[4] fourth-party,[5] and fifth-party[6] Defendants. The two fifth-party defendants, MG Brothers, LLC and ETZ Rack Installer LLC, were named in a fifth-party complaint filed on April 25, 2022,[7] and counsel have not yet entered appearances. Multiple cross-claims for contractual and common law indemnification have been filed among the various Defendants.

On December 24, 2021, AG-EIP moved to compel Amazon to respond to a set of interrogatories and document requests. The motion to compel contained a certification by counsel for AG-EIP that Amazon had not served responses or objections to a letter request for production sent on October 22, 2021, a letter request containing interrogatories sent on November 9, 2021, or two letters sent to Amazon on December 9, 2021, following up on each request.[8] The Court summarily granted AG-EIP's motion to compel, pursuant to Local Rule of Civil Procedure 26.1(g), and ordered Amazon to respond to the interrogatories and produce the requested documents by January 21, 2022.[9]

On January 28, 2022, Amazon moved for a general protective order, asking the Court to order all parties to execute a proposed "Confidentiality Agreement and Protective Order" (the

---

[4] Defendant ALCS, Inc.

[5] Defendant USA Rack Installation LLC.

[6] Defendant MG Brothers, LLC and Defendant ETZ Rack Installer LLC.

[7] Third Party Complaint of USA Rack Installation LLC [Doc. No. 64].

[8] *See* AG-EIP's Mot. Compel [Doc. No. 41] at ECF page 7.

[9] Order Jan. 6, 2022 [Doc. No. 43].

"Proposed Protective Order").[10] Three days later, AG-EIP moved for sanctions against Amazon for failing to comply with the Court's Order of January 6, 2022.[11]

Following full briefing of these motions, Plaintiff requested a status hearing to address various scheduling requirements necessitated by the joinder of the third-, fourth-, and fifth-party Defendants. The Court then scheduled an in-person status hearing, which attended by counsel for seven of the nine parties currently named in this action.[12] At the hearing, counsel for AG-EIP voluntarily withdrew AG-EIP's motion for sanctions, while reserving the right to seek such sanctions at a future date. During the hearing, counsel for each of the seven represented parties indicated their consent, or lack of objection, to the Proposed Protective Order. The Court now considers this consent in assessing Amazon's motion.

**I.   DISCUSSION**

Early in this litigation, Amazon indicated that it would attempt to negotiate a stipulated confidentiality agreement and protective order among the parties. Prior to the June 28, 2022 status conference this negotiation had apparently stalled, and Amazon moved for the Court to enter its Proposed Protective Order governing discovery in this case. At the time Amazon first moved for a protective order, "no other attorney involved in this Litigation [had] agreed to sign"

---

[10] *See* Amazon's Mot. Protective Order [Doc. No. 44].

[11] AG-EIP's Mot. Sanctions [Doc. No. 45].

As there is significant overlap between the waiver argument AG-EIP presents in opposition to the Proposed Protective Order and the arguments presented in AG-EIP's Motion for Sanctions, the Court will first address the substance of the Proposed Protective Order.

[12] This hearing, held on June 28, 2022, was attended by counsel for (1) Plaintiff, (2) Defendant Amazon, (3) Defendant AG-EIP, (4) Defendant Gilbane Building Company, and (5) Defendant Kellermeyer Bergenson Services LLC, (6) Defendant ALCS, Inc., and (7) Defendant USA Rack Installation LLC.

Fifth-party Defendants MG Brothers, LLC and ETZ Rack Installer LLC have not yet entered an appearance in this matter and were not represented at this hearing.

the Proposed Protective Order.[13] However, at the June 28, 2022 status hearing, counsel for each of the seven parties in attendance indicated that they were not opposed to the Proposed Protective Order.[14]

Federal Rule of Civil Procedure 26(c) permits the Court to enter a protective order "for good cause" on motion by a party "from whom discovery is sought."[15] "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure."[16] "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are not sufficient.[17] "The burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order."[18]

In justifying the Proposed Protective Order, Amazon represents that, "[a]t the time of the accident, Amazon entered into or was negotiating agreements with a number of third parties, the disclosure of which [could] damage Amazon's commercial and competitive interests across the country in a highly competitive market."[19] Amazon specifically points to the filing by AG-EIP of

---

[13] AG-EIP's Res. Opp'n [Doc. No. 46] at 6.

[14] AG-EIP initially opposed Amazon's motion, arguing that Amazon had failed to demonstrate "good cause" for such an expansive order. AG-EIP's Res. Opp'n [Doc. No. 46] at 7–10. As discussed, this opposition was withdrawn by counsel at the June 28, 2022 hearing.

[15] Fed. R. Civ. P. 26(c).

[16] *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984).

[17] *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986).

[18] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786–87 (3d Cir. 1994).

[19] Amazon's Mot. Protective Order [Doc. No. 44] at 7.

an Amazon lease agreement on the docket in this case, and claims that this filing violated the lease's confidentiality provision.[20]

### A. Confidentiality Designations under the Proposed Protective Order

The Proposed Protective Order protects a broad range of potential discovery material through a two-tiered confidentiality system, with items designated as "Confidential Attorneys' Eyes Only Information" or "Confidential Information." The "Confidential Attorneys' Eyes Only Information" designation includes certain proprietary business information and intellectual property.[21] The "Confidential Information" designation is very broad,[22] and simply requires a good faith determination that the information, if disseminated, "*would potentially damage* the Party's or Amazon's commercial interests, competitive interests, positions in other litigation(s), *reputation, public image . . . or produce an undesired result*."[23] Under the Proposed Protective Order any party, not just the producing party, may designate information as confidential. However, the Proposed Protective Order places Amazon in a privileged position, requiring Amazon's prior written consent regarding the treatment of information that "relates to Amazon in any way," even if Amazon did not produce that discovery material and even if Amazon had no prior knowledge that such material existed.[24]

---

[20] Amazon's Mot. Protective Order [Doc. No. 44] at 3.

[21] Protective Order [Doc. No. 44 Ex. A] ¶1(b). Notably, this list does not clearly include confidential legal agreements, the subject of Amazon's specific concern, although such agreements may be categorized as "business competitive information" and fall under this designation.

[22] In particular, this designation encompasses all material that, "in the good faith judgment" of the designating party or nonparty, would "be in any way detrimental, sensitive, proprietary or secretive to the conduct of that Party's or nonparty's business or the business of any of that Party's or nonparty's customers or clients." Protective Order [Doc. No. 44 Ex. A] ¶1(a).

[23] Protective Order [Doc. No. 44 Ex. A] ¶3 (emphasis added).

[24] Protective Order [Doc. No. 44 Ex. A] ¶¶3, 6, 10, 15–17.

Parties may voluntarily enter into confidentiality agreements more expansive than those that the Court may impose under Rule 26(c). However, to the extent that Amazon asks the Court to enter an order under Rule 26(c) that will bind nonconsenting parties,[25] such an order must be proportionate to the specific "good cause" Amazon has articulated, which is here limited to contractual terms and related trade secrets.[26]

### B. Restraints on Court Filings and Proceedings

Amazon asks the Court to place significant restrictions on the use of protected material.[27] In particular, the Proposed Protective Order requires that proceedings using "Confidential Information"[28] "shall not be held in open court, but shall be held in chambers to the extent permitted by the court, or other private means."[29] In support of this requirement, Amazon argues that "the documents sought from Amazon would be protected from disclosure pursuant to the Pennsylvania Uniform Trade Secrets Act, § 12 Pa.C.S. § 5306," that this statute requires courts to protect alleged trade secrets "by reasonable means, which may include granting protective

---

[25] In particular, Defendants MG Brothers, LLC and ETZ Rack Installer LLC were not present at the June 28, 2022 status hearing, and to the knowledge of the Court have not consented to any confidentiality agreement.

[26] "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone*, 785 F.2d at 1121.

Amazon argues that, while "good cause" requires a party to show an injury with specificity, "the injury shown . . . need be no more than embarrassment; thus, a party need not establish a monetizable injury." Amazon's Mot. Protective Order [Doc. No. 44] at 6.

However, the case Amazon selectively cites for this proposition, *Cipollone v. Liggett Group*, specifically notes that potential embarrassment must be serious to justify a protective order, and that a business seeking to shield embarrassing documents must show with "some specificity" that the anticipated embarrassment "would cause a significant harm to its competitive and financial position." *Cipollone*, 785 F.2d at 1121 (internal citation omitted).

[27] Information designated as protected may not be "used or referenced in any way whatsoever" in any deposition, filing, or other court proceeding "without the express written consent of counsel for the Producing Party or, if [it] relates to Amazon in any way, counsel for Amazon." Protective Order [Doc. No. 44-1] ¶¶10, 12.

[28] The restriction on "Confidential Information" is repeated in paragraphs 10 and 12. This repetition is likely a typographical error, as paragraph 10 otherwise refers to "Confidential Attorneys' Eyes Only Information."

[29] Protective Order [Doc. No. 44 Ex. A] ¶¶10, 12.

orders . . . holding in-camera hearings and seal the records of the action," and that "[e]ntry of a Protective Order is intended to facilitate compliance with that mandate."[30] However, the beginning of the quoted statute, which Amazon omits, explicitly limits this "mandate" to trade secrets litigation brought under Chapter 12 of Pennsylvania's Consolidated Statutes.[31] No party has invoked a claim under this Chapter, and Amazon's reliance on its procedures is perplexing.

The Third Circuit has articulated a high standard for parties wishing to shield judicial proceedings from public scrutiny. "Although the parties may agree to shield information contained in discovery materials, they may not do so once those materials become part of the court record."[32] Further, "the public and the press have a First Amendment right of access to civil trials."[33] Even if the parties consent to preemptively seal documents and proceedings based on the designation of information as confidential, the Court must conduct a document-by-document review and make specific findings of fact to justify sealing judicial documents or proceedings. The Court will not, as Amazon proposes, compel parties to settle their disputes in a private forum if the parties' filings do not meet this standard.[34] In addition, the Proposed Protective Order explicitly requires the Court and its staff to sign a confidentiality rider "[b]efore being given

---

[30] Amazon's Mot. Protective Order [Doc. No. 44] at 7.

[31] 12 Pa.C.S. § 5306

[32] *Midwest Athletics & Sports All. LLC v. Ricoh USA, Inc.*, 395 F. Supp. 3d 461, 463 (E.D. Pa. 2019).

[33] *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019).

[34] *In re Avandia Mktg.*, 924 F.3d at 672 (quotation omitted) ("The strong presumption of openness does not permit the routine closing of judicial records to the public."); Protective Order [Doc. No. 44 Ex. A] ¶¶10, 12 (requiring proceedings to be conducted "by other private means" if the Court does not seal documents and proceedings relating to confidential information).

access to any of the Confidential Information"[35] or "Confidential Attorneys' Eyes Only Information."[36] This term is clearly inappropriate.[37]

## II. CONCLUSION

Amazon has moved for the Court to impose a confidentiality agreement and blanket protective order. Amazon has articulated a particular need for protection of certain categories of discovery—specifically, the terms of Amazon's commercial contracts and intellectual property related to the operation of Amazon's facilities. Seven of the nine parties currently named in this action have consented to the Proposed Protective Order. However, Amazon has not demonstrated good cause for the Court to impose the expansive and asymmetrical Proposed Protective Order over the nonconsenting parties, and the Proposed Protective Order as written does not comply with the law governing public access to judicial documents and proceedings.

For the foregoing reasons, Amazon's Motion for a Protective Order will be denied without prejudice and AG-EIP's Motion for Sanctions will be dismissed without prejudice as withdrawn. All parties are reminded of the "substantial professional obligation" that the Federal and Local Rules of Civil Procedure place on counsel to "resolve discovery problems before bringing them to the attention of the court."[38] The Court expects counsel to cooperate in resolving disputes consistent with their duties under the Rules of Professional Conduct.

An order will be entered.

---

[35] Protective Order [Doc. No. 44 Ex. A] ¶7.

[36] Protective Order [Doc. No. 44 Ex. A] ¶9.

[37] *See* Order June 14, 2022, *Corbitt v. Trustees of Princeton University*, No. 21-899 (E.D. Pa. June 14, 2022).

[38] *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 415 F. Supp. 3d 498, 503 (E.D. Pa. 2019) (quotations and citations omitted).