IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRETA ROUBERT | : | CIVIL ACTION |
| | : | |
| VS. | : | NO. 2:21-CV-03091-CMR |
| | : | |
| AMAZON; GILBANE BUILDING COMPANY; EQUITY INDUSTRIAL PARTNERS; KELLERMEYERS BERGENSON SERVICES, LLC; ALCS, INC.; AND AG-EIP 1 GEOFFREY DRIVE, LLC | : | |
| | : | |
| VS. | : | |
| | : | |
| USA RACK INSTALLATION LLC | : | |

**ORDER**

**AND NOW,** this _____ day of _____, 2022, upon consideration of Third-Party Plaintiff's Motion for Alternative Service directing service pursuant to Federal Rule of Civil Procedure 4, and it appearing to the Court that Third-Party Plaintiff has made a good faith effort to locate and serve Third-Party Defendant, MG Brothers, LLC, it is hereby **ORDERED** that said Petition is **GRANTED** and alternative service upon Third-Party Defendant, MG Brothers LLC, by (1) posting at the registered address, 30 Arlington Avenue, Newark, NJ 07104 and (2) Posting service in legal publications.

PLEASE TAKE NOTICE; TO ALL PARTIES PURSUANT TO LOCAL RULE 7.1 YOU HAVE 14 DAYS IN WHICH TO CONTEST THE INSTANT MOTION AND IF NOT RESPONDED TO MAYBE MARKED AS UNCONTESTED BY THE COURT.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRETA ROUBERT | : | CIVIL ACTION |
| | : | |
| VS. | : | NO. 2:21-CV-03091-CMR |
| | : | |
| AMAZON; GILBANE BUILDING COMPANY; EQUITY INDUSTRIAL PARTNERS; KELLERMEYERS BERGENSON SERVICES, LLC; ALCS, INC.; AND AG-EIP 1 GEOFFREY DRIVE, LLC | : | |
| | : | |
| VS. | : | |
| | : | |
| USA RACK INSTALLATION LLC | : | |

**THIRD-PARTY PLAINTIFF USA RACK INSTALLATION LLC'S MOTION FOR ALTERNATIVE SERVICE UPON
THIRD-PARTY DEFENDANT, MG BROTHERS, LLC**

Third Party-Plaintiff, USA Rack Installation LLC, pursuant to Rule 4(e), Fed. R. Civ. P. hereby requests that this Court enter an Order allowing alternative service of the Summons and Complaint in this matter because extensive efforts to serve Third-Party Defendant, MG Brothers LLC, by the standard methods of service authorized by Rule 4, have failed. This motion is supported by the following Memorandum of Facts and Authorities, with exhibits including affidavits and other documents, and by all of the pleadings and matters of record, incorporated herein by reference.

Respectfully Submitted,
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By: _/s/ Ralph P. Bocchino, Esquire_
RALPH P. BOCCHINO, ESQUIRE
Attorney for Third-Party Defendant,
USA Rack Installation LLC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRETA ROUBERT | : | CIVIL ACTION |
| | : | |
| VS. | : | NO. 2:21-CV-03091-CMR |
| | : | |
| AMAZON; GILBANE BUILDING COMPANY; EQUITY INDUSTRIAL PARTNERS; KELLERMEYERS BERGENSON SERVICES, LLC; ALCS, INC.; AND AG-EIP 1 GEOFFREY DRIVE, LLC | : | |
| | : | |
| VS. | : | |
| | : | |
| USA RACK INSTALLATION LLC | : | |

**THIRD-PARTY PLAINTIFF USA RACK INSTALLATION LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ALTERNATIVE SERVICE UPON THIRD-PARTY DEFENDANT MG BROTHERS, LLC**

Third-Party Plaintiff, USA Rack Installation LLC, by its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, respectfully moves the Court to enter a special Order directing the method of service of the Summons and Complaint upon Third-Party Defendant, MG Brothers, LLC, and in support thereof avers as follows:

### I. FACTS AND PROCEDURAL HISTORY

The plaintiff, Greta Roubert, filed an Amended Complaint alleging *inter alia* various injuries as a result of an accident which occurred on October 2, 2020 when she was an employee of an independent contractor at 1 Geoffrey Drive, Fairless Hills, Pennsylvania, when she was caused to slip, trip, stumble and fall on a defective and dangerous condition consisting of a cutoff lag bolt on the floor. Attached hereto, made a part hereof and marked as Exhibit 'A' is the Plaintiff's Amended Complaint, the same of which is incorporated herein by reference.

The third-party defendant/third-party plaintiff, ALCS, was enjoined in the matter, who in turn joined third-party plaintiff *sub judice* USA Rack Installation LLC. Attached hereto, made a part hereof and marked as Exhibit 'B' is a true and correct copy of USA Rack Installation LLC's Joinder Complaint pursuant to Federal Rule of Civil Procedure 14.

USA Rack Installation LLC, filed an Answer to the ALCS' Complaint and alleged that there was no written indemnification, no written additional insured status provisions, no written contract whatsoever except memos and agreements to do rack clean up and rack removal from the premises. Attached hereto, made a part hereof and marked as Exhibit 'C' is a true and correct copy of USA Rack Installation LLC's Answer to ALCS' Complaint. Because time was of the essence, it was necessary for USA Rack Installation LLC, to hire MG Brothers, LLC and ETZ Rack Installer, LLC respectively.

Accordingly, Third-Party Plaintiff, USA Rack Installation LLC, filed a Complaint against Third-Party Defendants MG Brothers, LLC and ETZ Rack Installers LLC pursuant to Federal Rule of Civil Procedure 14. Attached hereto, made a part hereof and marked as Exhibit 'D' is a true and correct copy of USA Rack Installation LLC's Complaint against MG Brothers, LLC and ETZ Rack Installer, LLC.

II.   **ATTEMPTS TO SERVE MG BROTHERS, LLC**

**Plaintiff has made extensive efforts to locate and serve these Defendants**

On 27, 2022, Third-Party Plaintiff, USA Rack Installation LLC, sent MG Brothers, LLC correspondence via first-class mail to their registered address at 30 Arlington Avenue Newark, New Jersey 07104 which included a copy of the Federal Summons and Third-Party Complaint. Attached hereto, made a part hereof and marked as Exhibit 'E' is a true and correct copy of USA Rack Installation LLC's 4/27/22 letter to MG Brothers, LLC containing the Federal Summons

and Third-Party Complaint. Third-Party Plaintiff did not receive a response and the mail was not returned.

On May 25, 2022, Third-Party Plaintiff sent MG Brothers, LLC, correspondence via certified first-class mail, return receipt request not restricting delivery. Attached hereto, made a part hereof and marked as Exhibit 'F' is a true and correct copy of the Return Receipt Request Card. Attached hereto, made a part hereof and marked as Exhibit 'G' is a true and correct copy of USA Rack Installation LLC's 5/25/22 letter to MG Brothers, LLC containing the Federal Summons and Third-Party Complaint. Third-Party Plaintiff did not receive a response and the mail was not returned.

Third-Party Plaintiff, USA Rack Installation LLC, then arranged for service by process server. On May 25, 2022, Third-Party Plaintiff, USA Rack Installation LLC sent correspondence via Federal Express overnight. On May 26, 2022, Federal Express attempted delivery, however, reported customer was not available. On June 2, 2022, the package was returned to sender. Attached hereto, made a part hereof and marked as Exhibit 'H' is a true and correct copy of the Federal Express' Status Report.

After these initial service attempts, Third-Party Plaintiff performed a public records search to inquiry whether Third-Party Defendant possessed an alternative address. No such address was found.

At this time, Third-Party Plaintiff has exhausted its resources related to service of the Complaint on the defendant.

Accordingly, Third Party Plaintiff, USA Rack Installation LLC, requests that service be posted at MG Brothers, LLC's registered address as well as posted in legal publications.

### III. STANDARD OF LAW

Rule 4(e) provides, in pertinent part, that a defendant may "be served in a judicial district

of the United States by: (1) following state law for serving a summons. . .." Fed. R. Civ. P. 4(e). Under Pennsylvania state law, where service cannot be made, a plaintiff may "move the court for a special order directing the method of service." Pa. R. Civ. P. 430(a). The motion shall be accompanied by an affidavit explaining the investigation that has been made to locate the defendant and the reasons why service cannot be made. *Id*. Federal Rule of Civil Procedure 4(e)(1) allows service by following the law of the state where the case is pending. Pennsylvania Rule of Civil Procedure 430(a) allows alternative service with leave of the Court:

> If service cannot be made under the applicable rule, the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendants and the reasons why service cannot be made.

Pa. R. C. P. 430(a).

Courts in this circuit have opined that plaintiffs seeking alternative service under Pa. R. C. P. 430 (a) must establish that (1) the "plaintiff must make a 'good faith' effort to locate defendant"; (2) "once defendant is located, plaintiff must show that [he] has made practical efforts to serve [the] defendant under the circumstances. Depending on the defendant's situation, circumstances may warrant, for example, visiting the defendant's location on different days of the week, or at different times of day"; and (3) "if the plaintiff has satisfied the first two steps, the plaintiff's proposed alternate means of service must be reasonably calculated to provide the defendant with notice of the proceedings against him." *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006).

Here all three requirements are met. Third-Party Plaintiff has made multiple good faith efforts to locate and serve Third-Party Defendant. Third-Party Plaintiff has attempted service at all known locations.

Second, Third-Party Plaintiff's effort in serving MG Brothers, LLC, was reasonable. Third-Party Plaintiff sent first-class mail to MG Brother's registered address. After receiving no response and no return mail, Third-Party Plaintiff then sent correspondence via first-class certified mail, return receipt request not restricting delivery. After again receiving no response and no return mail, Third-Party Plaintiff sent Federal Express overnight mail. This was mail was returned to send claiming the customer was unavailable.

Third, the method of alternate service proposed by Third-Party Plaintiff, USA Rack Installation LLC, is reasonably calculated to provide notice to Third-Party Defendant MG Brothers, LLC. Third-Party Plaintiff proposes posting service at MG Brothers, LLC's registered address. USA Rack Installation LLC also proposes posting service in legal publications.

IV.   **CONCLUSION**

Under the circumstances, Third-Party Plaintiff has made good faith, albeit unsuccessful, efforts to serve Third-Party Defendant, MG Brothers, LLC. Accordingly, Third-Party Plaintiff respectfully requests that this Court authorize service under Rule 430(a), as detailed above.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

*/s/ Ralph P. Bocchino, Esquire*

Ralph P. Bocchino, Esquire
*Attorney for Third-Party Plaintiff USA Rack Installation LLC*

Dated: 6/30/22

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRETA ROUBERT | : | CIVIL ACTION |
| | : | |
| VS. | : | NO. 2:21-CV-03091-CMR |
| | : | |
| AMAZON; GILBANE BUILDING COMPANY; EQUITY INDUSTRIAL PARTNERS; KELLERMEYERS BERGENSON SERVICES, LLC; ALCS, INC.; AND AG-EIP 1 GEOFFREY DRIVE, LLC | : | |
| | : | |
| VS. | : | |
| | : | |
| USA RACK INSTALLATION LLC | : | |

## CERTIFICATE OF SERVICE

I, Ralph Bocchino, hereby certify that a true and correct copy of the foregoing Motion for Alternative Service, along with supporting Memorandum of Law and Proposed Orders, was served on June 30, 2022 via mail to Defendant's registered address.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

*/s/ Ralph P. Bocchino, Esquire*

Ralph P. Bocchino, Esquire
*Attorney for Third-Party Plaintiff USA Rack Installation LLC*

Dated: 6/30/22