# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRETA ROUBERT,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>AMAZON, GILBANE BUILDING COMPANY, EQUITY INDUSTRIAL PARTNERS, and KELLERMEYER BERGENSON SERVICES, LLC,<br><br>　　　　　　　　Defendants. | CIVIL ACTION<br><br>NO.: 2:21-cv-03091-CMR |

## ORDER

**AND NOW** on this _____ day of _____ 2021, upon consideration of Plaintiff's Motion to Compel Answers to Interrogatories and Request for Production of Documents Amazon's Memorandum of Law in Opposition, and any response and/or reply thereto, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED.** Plaintiff shall to meet and confer with counsel for Amazon within ten (10) days.

**IT IS SO ORDERED**　　　　　　　　　　　**BY THE COURT:**

　

　

　

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　CYNTHIA M. RUFE,
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

274350264v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRETA ROUBERT,<br><br>                    Plaintiff,<br><br>    vs.<br><br>AMAZON, GILBANE BUILDING COMPANY, EQUITY INDUSTRIAL PARTNERS, and KELLERMEYER BERGENSON SERVICES, LLC,<br><br>                  Defendants. | CIVIL ACTION<br><br>NO.: 2:21-cv-03091-CMR |

## **DEFENDANT AMAZON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**COMES NOW**, Defendant Amazon, by and through its counsel, Wilson Elser Moskowitz Edelman and Dicker LLP, and hereby files its Opposition to the Motion to Compel Answers to Interrogatories and Request for Production of Documents. In support thereof, Amazon relies on its contemporaneously-filed Memorandum of Law.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

s/*Salvatore A. Clemente*

Salvatore A. Clemente, Esquire
Daniel J. Mirarchi, Esquire
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 19103
Phone: 215.627.6900
Facsimile: 215.627.2665
Salvatore.Clemente@wilsonelser.com
Daniel.Mirarchi@wilsonelser.com
*Attorney for Defendant, Amazon*

Date: August 17, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRETA ROUBERT,<br><br>            Plaintiff,<br><br>vs.<br><br>AMAZON, GILBANE BUILDING COMPANY, EQUITY INDUSTRIAL PARTNERS, and KELLERMEYER BERGENSON SERVICES, LLC,<br><br>            Defendants. | CIVIL ACTION<br><br>NO.: 2:21-cv-03091-CMR |

**DEFENDANT AMAZON'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

**COMES NOW,** Defendant Amazon, by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, files this Memorandum of Law in Opposition to Plaintiff's Motion to Compel Answers to Interrogatories and Request for Production of Documents, stating as follows:

**I.      FACTUAL BACKGROUND**

On June 1, 2021, Plaintiff Greta Roubert filed her Complaint in the Court of Common Pleas of Philadelphia County, Docket No. 210502701, against Defendants Amazon, Gilbane Building Company ("Gilbane"), Equity Industrial Partners, and Kellermeyers Bergenson Services, LLC ("KBS"). *See* Dkt. No. 1-1. Equity Industrial Partners subsequently moved to amend its name to AG-EIP 1 Geoffrey Drive, LLC ("AG-EIP") on the caption, which was granted. *See* Dkt. Nos. 35, 39. On July 12, 2021, Gilbane filed a Notice of Removal pursuant to 28 U.S.C. § 1441 based on diversity of citizenship, 28 U.S.C. § 1332. *See* Dkt. No. 1. On July 30, 2021, Plaintiff filed an Amended Complaint. *See* Dkt. No. 5.

In her Amended Complaint, Plaintiff alleges that on or about October 2, 2020, she "slipped, tripped, stumbled and fell [on] of a cut-off lag bolt left haphazardly and inconspicuously" on a walking surface located at 1 Geoffrey Drive, Fairless Hills, PA 19030 (the "Facility"). *See* Dkt. No. 5 at ¶¶ 2-6. Plaintiff claims that she was an "employee of an independent contractor invited upon the premises of the Defendants" when she purportedly tripped and fell. *Id.* at ¶ 6. Defendants Amazon, AG-EIP, KBS, and Gilbane each filed an answer to the Amended Complaint. *See* Dkt. Nos. 10, 14, 15, and 17, respectively.

On December 7, 2021, Defendant AG-EIP filed a Third-Party Complaint against ALCS, Inc. averring that it entered into a Service Contract with ALCS to remove racking systems in the subject premises between late August 2020 and December 2020 and that ALCS was "responsible to safely and thoroughly remove the lag bolts attaching the racking systems to the concrete floor of section 1[.]" *See* Dkt. No. 38, at ¶¶ 10-15, 19. On February 8, 2022, ALCS, in turn, filed a Third-Party Complaint alleging that it contracted with Third-Party Defendant USA Rack Installation, LLC to remove, among other things, the rack systems. *See* Dkt. No. 50, at ¶¶ 6-8. On April 25, 2022, USA Rack then filed a Third-Party Complaint claiming that, because time was of the essence, it hired MG Brothers, LLC and ETZ Rack Installer LLC to assist in rack clean up and rack removal from the premises. *See* Dkt. No. 64, at ¶¶ 4-8.

Plaintiff claims that she served a Request for Production of Documents and Interrogatories on Amazon on July 9, 2021. Plaintiff further claims that she sent two separate letters to Amazon's counsel requesting responses to its discovery within ten (10) days to avoid motion practice.[1]

---

[1] Plaintiff refers to these letters as Exhibits B and C, but Plaintiff's motion fails to include any exhibits.

Before burdening the Court with a discovery motion, Fed.R.Civ.P. 37(a) requires certification that a movant has conferred or attempted to confer in good faith with the other party. Similarly, Eastern District of Pennsylvania Local Rule of Civil Procedure 26.1(f) requires certification by "counsel that, after reasonable effort, [the parties] are unable to resolve the dispute." This did not happen here. Indeed, on August 5, 2022, AG-EIP proceeded with a filing its motion to compel and attached a sham certification suggesting that its letters to Amazon satisfied Local Rule 26.1(f). Not only does Plaintiff's "10-day" letter fail to comply with 26.1(f), Plaintiff also completely side-stepped Fed.R.Civ.P. 37(a). Plaintiff did so because, other than the boilerplate "10-day" letters, Plaintiff did not engage Amazon's counsel in any other way, i.e., telephone, zoom, or in-person, to confer about the purported outstanding responses to its document requests. As discussed below, this is untenable because Amazon's responses would include confidential, trade secret, and/or proprietary information and conferring with Plaintiff regarding such issues—rather than running to the court house steps like Plaintiff did here—would have been constructive.[2] Thus, Plaintiff's motion to compel discovery was filed in violation of Fed.R.Civ.P. 37(a) and Eastern District of Pennsylvania Local Rule of Civil Procedure 26.1(f) because Plaintiff failed to confer in good faith or use reasonable effort to resolve the discovery dispute. In contrast, after the underlying motion was filed, Amazon's

---

[2] Plaintiff erroneously contends that Amazon has refused to provide responses to Co-Defendants' discovery. However, Amazon has provided verified written responses to AG-EIP's Interrogatories and Request for Production of Documents along with five photographs that Amazon did not deem confidential. Amazon and AG-EIP came to an agreement on August 12, 2022, on a Confidentiality Agreement and Protective Order, which, once executed, will allow Amazon to provide the remaining responsive documents.

3

counsel left two voicemail messages seeking to resolve this discovery dispute pursuant to this Court's instruction to do so.[3]  *See* Dkt. No. 74, Memo Op. at 8.

## II.   ARGUMENT

### A.   Plaintiff Failed to Confer in "Good Faith" or Use "Reasonable Efforts" to Resolve the Discovery Dispute as Required Before Filing a Motion to Compel

Under Fed.R.Civ.P. 37(a)(1), a party may file a motion for an order compelling discovery, but any such motion requires a certification that the movant "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  The Eastern District of Pennsylvania Local Rule of Civil Procedure 26.1(f) likewise requires certification by "counsel that, after reasonable effort, [the parties] are unable to resolve the dispute."  These rules are straightforward and require a movant to meet and confer with the other party before rushing to the court with a run of the mill discovery dispute.  *See*, *e.g.*, *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 502 (D.N.J. 2021) (finding motion to compel appropriate after meet and confer process that extended between May and September 2020); *IMC Constr., Inc. v. Emidy*, No. 18-949, 2018 U.S. Dist. LEXIS 81321, at *2 (E.D. Pa. May 15, 2018) (holding meet and confer process satisfied after in-person meeting and numerous emails between the parties).  Plaintiff did not do that here.

Rather, Plaintiff suggests that she only sent rote "10-day" letters and made absolutely no other attempts to try and satisfy its obligations under Fed.R.Civ.P. 37(a)(1) or Local Rule 26.1(f). Plaintiff did not confer or attempt to confer with Amazon regarding responses to its Interrogatories and Request for Production of Documents.  Plaintiff did not, nor did Plaintiff

---

[3] Indeed, this Court recognized that "Amazon has articulated a particular need for protection of certain categories of discovery—specifically, the terms of Amazon's commercial contracts and intellectual property related to the operation of Amazon's facilities.  *See* Dkt. No. 74, Memo Op. at 8.

4

request to, engage Amazon by telephone, zoom, or in-person to address any issues related to outstanding discovery. In contrast, Amazon's counsel contacted Plaintiff's counsel by telephone twice, after the underlying motion was filed, to resolve this discovery dispute without burdening the Court.

Therefore, Plaintiff's motion to compel filed on August 4, 2022, was filed in violation of Fed.R.Civ.P. 37(a)(1) and Local Rule 26.1(f) because Plaintiff failed to confer with Amazon in "good faith" or used "reasonable efforts" prior to filing said motion. As such, Plaintiff should be ordered to meet and confer with Amazon's counsel.

### III. CONCLUSION

For all of the foregoing reasons, Defendant Amazon respectfully requests that this Court deny Plaintiff's Motion to Compel Answers to Interrogatories and Request for Production of Documents.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

s/*Salvatore A. Clemente*

Salvatore A. Clemente, Esquire
Daniel J. Mirarchi, Esquire
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 19103
Phone: 215.627.6900
Facsimile: 215.627.2665
Salvatore.Clemente@wilsonelser.com
Daniel.Mirarchi@wilsonelser.com
*Attorney for Defendant, Amazon*

Date: August 17, 2022

## CERTIFICATE OF SERVICE

    I, Salvatore A. Clemente, Esquire, counsel for Defendant Amazon, hereby certify that the foregoing Memorandum of Law in Opposition to Plaintiff's Motion to Compel Answers to Interrogatories and Request for Production of Documents was electronically filed via this Court's electronic filing system and the Court's ECF System will automatically generate and send a Notice of Electronic Case Filing to all ECF Filing Users associated with this case, the transmission of which constitutes service of the foregoing document pursuant to LR 5.1.2(8).

Date:  August 17, 2022

                                                                s/*Salvatore A. Clemente*
                                                                Salvatore A. Clemente